IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CORY C. MCCLELLAND, #160362                                                                 PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:11-cv-609-CWR-LRA

WALNUT GROVE YOUTH CORRECTIONAL FACILITY, et al.                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. It appears Plaintiff has named the following as defendants: (1) Walnut Grove Youth Correctional Facility; (2) John/Jane Does, Nurses at Walnut Grove Youth Correctional Facility; and (3) the Walnut Grove Youth Correctional Facility Medical Department.

On October 12, 2011, the Court entered an Order [ECF No. 6] advising Plaintiff of the following:

> Section 1983 provides, in pertinent part, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2006) (emphasis added). Plaintiff is advised that a correctional facility and a correctional facility medical department are not separate legal entities that may be sued under § 1983. In addition, a Plaintiff must "allege specific conduct giving rise to a constitutional violation" in order to state a claim for relief under § 1983. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

The Order went on to direct the Plaintiff to file an amended complaint to provide the full names of each John/Jane Doe defendant, state if he was naming any other individuals as defendants, and he was directed to specifically state how each named defendant violated his constitutional rights. Plaintiff was directed to file his amended complaint on or before November 2, 2011. After the deadline had passed and two Show Cause Orders [ECF Nos. 7, 8] were entered, Plaintiff filed a Response [ECF No. 9] on January 3, 2012. In this Response, Plaintiff continued to set forth the

Walnut Grove Youth Correctional Facility and "the nursing center" as the named Defendants. Furthermore, it was unclear to the Court how Plaintiff claims his constitutional rights were violated.

On January 26, 2012, the Court entered an Order [ECF No. 10] advising Plaintiff of the following:

> As the Court has previously advised the Plaintiff, a correctional facility and a correctional facility medical department are not separate legal entities that may be sued under § 1983. In addition, a Plaintiff must "allege specific conduct giving rise to a constitutional violation" in order to state a claim for relief under § 1983. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Although the Court must liberally construe the *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)); *see also Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988)(*pro se* litigant must set forth facts giving rise to a claim on which relief may be granted). With that said, Plaintiff will be provided one final opportunity to present allegations that his constitutional rights have been violated against an individual defendant. **Plaintiff is warned that if he fails to plead sufficient facts and name viable defendants, this civil action will be dismissed.**

The Order went on to direct the Plaintiff to file an amended complaint to provide the full names of each John/Jane Doe defendant, state if he was naming any other individuals as defendants, and he was directed to specifically state how each named defendant violated his constitutional rights. Plaintiff was directed to file his amended complaint on or before February 10, 2012. Plaintiff filed a Response [ECF No. 11] that did not provide the required information.

Since Plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to summary dismissal of this case. On March 2, 2012, an Order to Show Cause [ECF No. 12] was entered in this case. Plaintiff was directed to show cause, on or before March 17, 2012, why this case should not be dismissed for his failure to comply with the Court's previous Orders directing him to file an amended complaint. In addition, the Order stated,

>[t]hat in order to avoid dismissal of this case Plaintiff shall file, on or before March 17, 2012, an amended complaint to:
>(a)  specifically state how defendant John/Jane Does violated his constitutional rights;
>(b) specifically state the full names of each John/Jane Doe defendant;
>(c)  specifically state if the Plaintiff is naming any other individuals as defendants in this case, if so, Plaintiff is directed to provide the full name and mailing address of each newly named defendant;
>(d) specifically state how any newly named defendants violated his constitutional rights; and
>(e) if available, provide a copy of the Certificate from the MDOC Administrative Remedy Program stating that he has completed the program regarding the claims presented in this suit;

Order [ECF No. 12] at 3.  The Order to Show Cause also specifically warned Plaintiff that "if he fails to file an amended complaint that pleads sufficient facts and names viable defendants, this civil action will be dismissed." *Id.*  The Order to Show Cause also contained the standard warning issued in *pro se* prisoner cases, which states, in part, "[f]ailure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and will result in this case being dismissed without further notice to the Plaintiff." *Id.*

Plaintiff has failed to respond to three Court orders and he has failed to file an amended complaint as directed in five separate Court orders.  The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. *See, e.g.*, *Douglass v. United States*, No. 99-11288, 2000 WL 1056125, at *4 (5th Cir. July 20, 2000)(finding previous warnings to *pro se* litigant that dismissal was possible if she did not adequately plead her cause of action demonstrated lesser sanctions would not be effective). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to respond to order directing him to further identify defendants). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered THIS, the 16th day of April, 2012.

    s/Carlton W. Reeves
    UNITED STATES DISTRICT JUDGE